---

## Ex parte WOOD.

*Sixth District Court for Sacramento Co., Dec. T.,* 1857.

### JUDGMENT AND SENTENCE IN CRIMINAL PROSECUTIONS.

The judgment pronounced in a criminal prosecution must be definite and precise,—and a judgment that the prisoner " be imprisoned two hundred and sixty days in the county prison *or* pay a fine of five hundred dollars and twenty dollars cost," is a nullity.

A warrant *issued in pursuance of such a judgment commanding* an officer to " arrest the said defendant and imprison him two hundred and sixty days in the county prison unless said fine and costs be sooner paid," is insufficient on *habeas corpus,* inasmuch as it is not "authorized by any *judgment* of any court."

It is questionable whether any legal sentence can be pronounced upon a defendant who is absent, though counsel may at the time have waived the objection.

After a prisoner has been discharged on *habeas corpus* by reason of an unauthorized commitment, it is a question whether he can be brought before the tribunal which pronounced the judgment and again sentenced.

*Hardy* and *Wallace*, for applicant.

*R. F. Morrison*, district attorney.

BOTTS, J.—It appears by the return of the officer that the prisoner is held upon what, in language original and I believe peculiar to the recorder's court, is called a " *capias pro fine.*" This warrant recites the fact that the prisoner was convicted in the recorder's court of the city of Sacramento, on the 12th day of December, 1857, of the crime of assault and battery, and was thereupon adjudged by said court " to be imprisoned two hundred and sixty days in the county prison, or pay a fine of $500 and $20 costs," wherefore the officer is commanded to " arrest the said *Wood* and imprison him two hundred and sixty days in the county prison, unless said fine and costs be sooner paid." This warrant is dated Dec. 14th, 1857.

The question for the court to decide is, whether the prisoner is legally held under this process. The *habeas corpus* act provides that the defendant shall be discharged " when the process by which he is held is not authorized by any judgment, order or decree, of any court, nor by any provision of law." Upon this provision two questions arise: has any judgment been pronounced upon the conviction of the prisoner? and if any, is it one that authorizes this process? However erroneous the judgment may be, it cannot be reviewed and corrected upon *habeas corpus*. To correct errors is the province of the appellate court. The prisoner, in this application, must rest his case upon the entire nullity of the supposed judgment, or upon its insufficiency to warrant the process under which he is held. I am inclined to think that no judgment has been pronounced upon him. It is of the very essence of a judgment that it should be definite, precise and certain. The statute punishes assault and battery with fine or imprisonment, at the discretion of the court. In rendering judgment, that discretion must be exercised, and the judgment is the announcement of the result. Here it appears that the recorder has never determined whether the convict should be punished by fine or imprisonment. The judgment must not only determine this point, but must fix the amount of the one or the duration of the other. This judgment is certainly no

more definite than it would have been had it declared generally that the prisoner should be fined or that he should be imprisoned. The law of attachment requires the attaching creditor to make oath that the debt arose on contract express or implied. An affidavit, in the words of the statute, that the contract was express or implied, has been held insufficient, as too indefinite and uncertain. Surely as much precision is required in a judgment in a criminal case as is demanded in an affidavit in a civil action.

It is true that the statute provides that " a judgment that a defendant pay a fine, may also direct that he be imprisoned until the fine be paid or satisfied ;" but this is clearly not such a judgment, although from the " *capias pro fine* " which was issued upon it, we are led to suppose that it was so intended. Indeed, the learned district attorney, who appeared to sustain the legality of the imprisonment, contends that it is a judgment of imprisonment for two hundred and sixty days, and that everything in relation to the fine is mere surplusage. It is upon this ground only, that he sustains the legality of the detention of the defendant. He denies that the payment of the fine would entitle the prisoner to his release, although he admits such to have been the uniform practice of the recorder's court. If he be correct in this position, it follows that this process—I mean the " *capias pro fine* "— under which the prisoner is held, is not authorized by the judgment.

It is suggested that this is a very common form of judgment in the recorder's court, and that the same construction that would discharge the prisoner might operate as a general jail delivery of public offenders. If it be so, it is a consequence much to be regretted, but it would be a still greater public evil if any fear of consequence should deter a minister of justice from declaring and enforcing the law of the land.

Further : it appears that, in this case, the defendant was not present when the judgment was pronounced. The statute authorises the finding of a verdict, in certain cases, in the absence of the defendant, but it clearly contemplates that the defendant shall be present when judgment is pronounced, and to this end provides for the suspension of sentence until the defendant, if out on bail, may be brought in by legal process. It may admit of grave doubts whether any legal sentence can be pronounced in his absence. If the presence of the con-

vict be necessary to authorize the judgment, the consent of counsel cannot dispense with the necessity.

It may be possible that it is not yet too late to bring the defendant before the recorder, that judgment may be rendered against him. I take the liberty of making this suggestion, because, both as a citizen and an officer of the law, I am loath to see a public offender escape the penalty of his offence.

No judgment has been pronounced against the defendant that authorizes the process under which he is held. Let him be discharged.